# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM ELLIS WALKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10CV171 FRB |
| DIVISION OF CHILD SUPPORT ENFORCEMENT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of William Walker for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it for lack of jurisdiction.

### Standard

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged abuses of the child support system of Missouri. Plaintiff alleges that he has been forced to pay child support payments for several years even though he has disputed being the father of the child in question. Plaintiff claims that he has attempted to have a paternity test to prove his case, but that the state actors named in the complaint have refused him the opportunity to do so. Plaintiff argues that the refusal to allow him to take a paternity test violates his due process rights. Plaintiff also claims that defendants have violated federal law as stated in 42 U.S.C. §§ 651-669. The complaint seeks declaratory, injunctive, and monetary relief.

## Discussion

This Court lacks jurisdiction over the subject matter of this case, i.e., child support. Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody."); Lannan v. Maul, 979 F.2d 627, 631 (8th Cir. 1992) ("child support obligations [are] within the domestic relations exception domain"). As a result, this action must be dismissed pursuant to Rule 12(h)(3) of th Federal Rules of Civil Procedure.

Additionally, the Court notes that the limited grant of jurisdiction in 42 U.S.C. § 660 to hear civil actions certified by the Secretary of Health and Human Services does not apply in this case. First, the Secretary has not certified this case as required by the statute. Second, the Secretary may only certify applications from state governments to enforce court orders against noncustodial parents.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because subject matter jurisdiction is lacking.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of February, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE